### HAUSE, Admr v THOMPSON

Ohio Appeals, 6th Dist, Fulton Co
No 104. Decided Oct 28, 1929

Paxson & Canfield, Wauseon, for Hause.
Ward & Johnson, Wauseon, for Thompson.

WILLIAMS, J.

The first claim made is that the plaintiff was permitted to testify to facts prior to the death of the decedent. An examination of the record shows that the contention of plaintiff in error is well founded. Upon direct examination, in reply to

counsel, plaintiff testified to facts or transactions prior to the death of the decedent, over the obection of the defendant below. This constituted error.

It is also claimed that the court erred in its charge to the jury and the part of the charge claimed to be erroneous is that which relates to the measure of damages. We are also satisfied that this contention is well founded.

The testimony utterly fails to bring out the amount of the estate decedent left after the deduction of debts, and also fails to disclose the health or age or expectancy of life of the sister, who is still living. We also call attention to the fact that under this contract the plaintiff obligated herself to "satisfactorily care for the said employer and his sister for the remainder of their lifetimes". If the persons to be cared for were in good faith dissatisfied with the services rendered, and the services of plaintiff were discontinued for that reason, there could be no recovery.

As to the question whether the verdict was excessive, it is utterly impossible to determine from the evidence adduced as to damage, what plaintiff ought or ought not to recover.

As such error of the court below was prejudicial to the plaintiff in error, the judgment must be reversed and the cause remanded for new trial.

Lloyd and Richards, JJ., concur.